(129 So. 541)

**STATE v. GALLICIO.**

No. 30654.

June 2, 1930.

Rehearing Denied July 2, 1930.

Charles V. Gonzales and James O'Connor, Jr., both of New Orleans (Daly & Hamlin and Gill & Simon, all of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. to Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., and J. Bernard Cocke, Asst. Dist. Attys., all of New Orleans, for the State.

ST. PAUL, J.

Defendant was charged with and convicted of having on July 31, 1929, threatened to kill, maim, wound, and murder one Joseph Berlin, and to otherwise subject him to great bodily harm, with the intent to extort money from said Berlin, contrary to the provisions of Act No. 110 of 1908.

It was shown that on the night of July 31, 1929, Berlin was called on by telephone, and asked for money, and then advised that he had better produce it. He notified the police, who accompanied Berlin's chauffeur to a certain dark corner, where they were met by two parties, one of whom demanded the money. One of said parties escaped; the other was shot and wounded by the police, and the wounded man proved to be this defendant.

I.

Defendant reserved 14 bills of exception. The first, relative to a continuance, is not pressed; the thirteenth and fourteenth relate to the proof of venue; the second to the twelfth, both inclusive, relate to the relevancy and admissibility of testimony as to matters occurring before July 31, 1929.

II.

[1, 2] As the threats, if any, were made over the telephone, the fact that Berlin was in St. Bernard parish at the time he received them does not conflict in any way with the fact that defendant, if he made the threats, was in the parish of Orleans where the venue was laid. And evidence was introduced to show that about the time the alleged threats were made the defendant was in the parish of Orleans. And since this evidence was believed by the jury, it sufficed to prove the venue.

III.

The crime denounced by Act No. 110 of 1908 is the making of the threat with special intent to extort money or a promise of money. Now it is manifest that the use of the telephone to communicate threats is purposely designed to hide the identity of the person making the threats. Hence it follows that the identity of him who makes such threats

can rarely be established except by circumstantial evidence.

Accordingly, the state announced that it intended to show, and afterwards did show, all over the objection of the defendant, that on July 16, 1929, Berlin was kidnapped, and blindfolded and held prisoner, by certain hooded persons until he had telephoned to his place of business and caused his chauffeur to deliver to said bandits the sum of $1,000; that on July 29th he was telephoned to at his place of business and informed that he had been let off lightly and that he must produce $3,000 or $4,000 more or worse would happen to him; that he became so alarmed as to send his wife and children out of the state; that on July 31st he was informed by telephone that he must produce the money that night; that he informed the police and arranged with them to accompany his chauffeur when sent for the ostensible purpose of paying the money; that the police did accompany the chauffeur to the place designated for the delivery of the money; that when the chauffeur, accompanied by the police, arrived at the designated place, some one demanded the money; that the person demanding the money was accompanied by a companion; that the man and his companion fled upon seeing the police; that one of the two companions was shot by the police and proved to be this defendant.

We think the objections of the defendant were without merit. All of the foregoing facts and circumstances were such as might or would have justified the jury in concluding that the telephone message of July 31st was a threat intended to extort money from Berlin and that defendant was the author of that threat.

It is quite immaterial that the defendant was even then under indictment for hav-

ing made threats of the same nature on July 16th. The state did not offer to show that defendant was under indictment therefor; that was brought out by the defendant himself. But the state had certainly the right to put before the jury every fact and circumstance which tended to show, or might show, that the telephone demand upon Berlin for money, on July 31, 1929, embodied a threat, and that defendant was the author of that threat.

#### Decree.

The judgment appealed from is therefore affirmed.